IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>FIDEL PEREZ BADILLO &<br>MARIA RODRIGUEZ RODRIGUEZ<br>Debtors | CASE NO. 21-02384 MCF<br><br>CHAPTER 13 |
| COOPERATIVA AHORRO Y CRÉDITO DE MANATI<br>    Movant. | |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 1 FILED BY COOP MANATI**

TO THE HONORABLE COURT:

COMES NOW Cooperativa de Ahorro y Crédito de Manatí, through its undersigned counsel, and very respectfully alleges and prays:

1. Cooperativa de Manatí is the holder in due course of a duly recorded money purchased security agreement with security interest (Conditional Sales Contract) executed by debtor on 12/20/2019, recorded at the Motor Vehicles Registry of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico, which encumbers a 2019 Hyundai Elantra, Plate number JEK-396.

2. Cooperativa has filed Proof of Claim #1 for its secure lien with an outstanding debt of $26,140.21, claiming to be paid $25,730.18 as the shares in favor of Cooperativa in the amount of $410.03 are being surrendered as per the Plan, including the Conditional Sales Contract and the Certificate of Title.

3. Debtor objects claim 1 on the basis that the claim includes unmatured interests (Docket #18).

4. Debtor propose to pay Cooperativa $20,256.28 plus 4.75% Till interest.

5. Cooperativa opposes Debtor's proposition to eliminate interests, attorney's fees and other charges which accrued on the underlying obligation prior to the filing of the petition and "strip down" Cooperativa's fully secure 910 vehicle claim.

6. It is Cooperativa's understanding that Debtor has misapplied the facts to the law since most, if not all, the cases cited in support of Debtor's proposition to cram down Cooperativa's 910 vehicle claim by eliminating interest and fees specifically conclude and support that the bankruptcy courts and the BAP have acknowledge that the change in law (meaning the hanging paragraph after §1325(a)(9)) prevent a Debtor from engaging in a cram down when electing to retain a vehicle because the valuation provisions of §506 no longer applies to bifurcate the creditor's claim. In re Ballard, 526 F.3d 634 (10th Cir. 2008). Although §506 governs the treatment of most secured claims it does not follow that its inapplicability (of the valuation mechanism) to a 910 car claim invalidates creditor's rights under state law. Id. The addition of the hanging paragraph was specifically design to eliminate the bifurcation process under §506 which was allowed before the BAPCPA amendments where a claim secure by a 910 vehicle claim was separated into secured and unsecured claims. The court in Ballard explains and firmly rejects Debtor's similar interpretation that preventing bifurcation under §506, the hanging paragraph creates a **"fiction" that the 910 vehicle is worth the exact amount of the balance on the loan**. Id. (emphasis added). The Ballard court found such argument unconvincing and stated that if the debtor keeps the vehicle, the plan must ensure that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." Id. The Ballard court goes on to disapprove that such

argument suffers from the same misconceptions as the debtors' other arguments, namely that state law must be implemented by the Bankruptcy Code, citing Wright, 492 F.3d 832-833, and that §506(a) defines the phrase "allowed secured claim" in §1325(a)(5). Id.

7. Mainly this case summarizes and supports Cooperativa's argument in favor of filing and be provided to be paid the full secure claim as filed in Proof of claim #1.

8. The court in In Re Bethoney, 384 B.R. 24 (Bankr.D.Mass. 2008) join the ever increasing majority, as this view is supported by both the case law and the legislative history of BAPCPA and cited the court in In re Montoya: "A purchase money security interest is secured through the parties' contract and applicable perfection statutes and is secured without the operation the Code. A creditor's secured status is not erased without any further adjudication merely because the hanging paragraph makes the §506 valuation mechanism inapplicable to 910-day vehicle claims. Id. citing In re Montoya, 341 B.R. 41 (Bankr.D.Utah 2006). It concluded that §1325(5) is applicable to 910 claims but the §506 valuation mechanism does not apply. Id.

9. In sum, there is a plethora of case law in support of Cooperativa's proposition that a 910 vehicle claim as the one in the case at bar is entitled to the full secured allowed claim, including interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose. See the cases cited above and cases cited by Debtor, In re Jones, 530 F.3d 1284 (10th Cir. 2008); In re Kemmery, 516 B.R. 485 (Bankr.N.D.Ohio 2014), among others.

10. Actually, the facts of the case of In re Kemmery are similar to the facts of the case at hand. In that case, the creditor, a 910 vehicle claim was a fully secured claim to be

paid under state law with interests and fees according to the contract but when proposed to be paid in installment payments through the Plan, then the creditor requested the right to be paid the present value of the full secured claim, such is the case at hand. Id. The ccourt in Kemmery ordered the Trustee to pay creditor's claim under the Debtor's plan but denied creditor's objection in that such claim should bear interest while being paid at the contract rate of 18.95% but at the rate of *Till's* "prime-plus" standard. Id. Similarly, and in accordance with the court's ruling in Kemmery, Cooperativa claims to be paid its full secured claim with interests according to the contract and claims to be paid the monthly installment payments under the plan at a rate of the prime-plus of 4.75%.

11. The court In Kemmery stated as follows:

    "Upon the enactment of BAPCPA, however, Section 506(a) is no longer applied to allowed claims secured by motor vehicles purchased by a debtor within the 910 days preceding the debtor's bankruptcy filing. In what is often referred to as the "hanging" paragraph, which is the unnumbered paragraph at the end of Section 1325(a), these "910–day claims" are treated differently than other allowed undersecured claims. It provides:

    For purposes of [Section 1325(a)(5) ], [S]ection 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is subject of the claim, the debt was incurred within the 910 day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor[.]

    Thus, 910–day claims cannot be stripped down and must be treated as fully secured. Taranto, 365 B.R. 85, 89; In re Sparks, 346 B.R. 767, 771 (Bankr.S.D.Ohio 2006)." Id., 516 B.R. 485 (Bankr.N.D.Ohio 2014).

12. Moreover, Debtor in its footnote "1" cites to the case of In re Leath, which has been argued out of context and is inapplicable to the facts of our case. The Leath case first, is not a 910 vehicle claim, second, discusses the allowance and difference of post-petition and post-confirmation interests in a different context and lastly, discusses pre

and post Code amendment issues unrelated to the facts of our case. In fact, the Leath case specifically supports Cooperativa's proposition of interest calculation up to the date of the filing of the petition, to wit: "[t]hat statutory directive thereby authorizes, **in the calculation of an allowed claim, the inclusion of all interest which accrued on the underlying obligation prior to the petition date**, but it implicitly excludes any interest which would have, in the absence of the bankruptcy petition, continued to accrue on that debt subsequent to that petition date. In re Leath, 389 B.R.494,--- (Bankr.E.D.Tex. 2008) (emphasis added).

13. As such, Debtor's objection to claim 1 filed in Docket #18 should be denied and Cooperativa's claim #1 should be allowed and Debtor's amended Plan dated 10/19/2021 shall be denied as a consequence of this motion.

WHEREFORE, it is respectfully requested from this Honorable court to take notice of the above-stated and DENY Debtor's objection to Claim #1 Deny the confirmation of the plan dated 10/19/2021.

## NOTICE

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS MOTION HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THIS MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to the non CM/ECF participants through First Class U.S. Mail: Fidel Perez Badillo & María Rodríguez, HC-04 Box 44520 Bo Piletas Arce Lares, PR 00669; and Melissa Wilda Cofan Hernández, Esq., P.O. Box 944 Dorado, PR 00646, melissacofan@yahoo.com and by the Bankruptcy CM/ECF authorized addresses to: Debtor's counsel, Attorney José Ramón Carrión Morales, Chapter 13 Trustee and to all the creditors in the List of Creditors.

RESPECTFULLY SUBMITTED, in Barceloneta, Puerto Rico, this 19th of November, 2021.

S/Mireya Baltazar Suazo
MIREYA BALTAZAR SUAZO, ESQ.
USDC NO. 213904
ATTORNEY FOR THE CREDITOR
ABOGADOS DE AMERICA LAW OFFICES
P.O. BOX 2102
BARCELONETA, PUERTO RICO 00617
TEL: (787) 970-1316
E-MAIL: mbs@abogadosdeamerica.com

Case:21-02384-MCF13

FIDEL PEREZ BADILLO
HC-04 BOX 44520 BO PILETAS ARCE
LARES, PR 00669

ISLAND FINANCE LLC
PO BOX 71504
SAN JUAN, PR 00939

MARIA RODRIGUEZ RODRIGUEZ
HC-04 BOX 44520 BO PILETAS ARCE
LARES, PR 00669

ISLANDFINANCE
CL-CONSUMER INTERMEDIATE LOAN
PO BOX 195369
SAN JUAN, PR 00919-5369

MELISSA COFAN HERNANDEZ
COFAN HERNANDEZ LAW OFFICE
PO BOX 944
DORADO, PR 00646

AMERICAS LEADING FINANCE, LLC
P.O. BOX 192367
SAN JUAN, PR 00919-2367

AMSHER COLLECTION SERVICES
4524 SOUTHLAKE PARKWAY, SUITE 15
BIRMINGHAM, AL 35244-3271

COOP DE A/C CREDITO DE MANATI
PO BOX 552
MANATI, PR 00674

COOPERATIVA A/C QUEBRADA
HC-02 BOX 7873
CAMUY, PR 00627-9127

DISH NETWORK LLC
DEPT 0063
PALATINE, IL 60055-0063

DTOP
PO BOX 41269
SAN JUAN, PR 00940